IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN THOMAS O'BRIEN, ) | |
| # M-23993, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-1015-GPM |
| ) | |
| VANDALIA CORRECTIONAL CENTER, ) | |
| ILLINOIS DEPARTMENT of ) | |
| CORRECTIONS, VICTOR DOZIER, ) | |
| WILLIAM MICHEALS, ) | |
| and LASHANDA CAMERON, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a four year sentence for burglary.

Plaintiff claims that his rights have been violated since October 7, 2011, by the following actions or conditions: 1) denial of religious texts; 2) improper medical/dental treatment and unhealthy living conditions; 3) inadequate and unhealthy food (soy in the diet); 4) health and fire hazards; 5) denial of a transfer; 6) not receiving proper medications for allergies, arthritis pain, and pinched nerves; and 7) denial of permission for legal copies (Doc. 1, p. 5). However, Plaintiff includes no specific factual allegations regarding any of these possible constitutional violations, nor does he link any of the named Defendants to his charges. The only example Plaintiff gives is that on August 28, 2012, he was wheezing and coughing up blood (Doc. 1, p. 7). When he asked Officer Rose (who is not a named defendant) for an emergency sick call pass,

Officer Rose told him to put in a sick call slip.  Plaintiff does not state whether he submitted a sick call request, nor does he indicate whether or when he saw a nurse or doctor regarding this problem.  He says only that he is being given pills that are not helping his condition, and he worries that taking this medication over a long period of time may cause him liver damage.  *Id.*

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  As an initial matter, Defendants Vandalia Correctional Center and the Illinois Department of Corrections shall be dismissed.  Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  Likewise, the Vandalia Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.  In preparing his amended complaint, Plaintiff is advised to include only those defendants who are "personally responsible for the deprivation of a constitutional right."  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

After fully considering Plaintiff's allegations, the Court concludes that the complaint does not state a claim upon which relief may be granted as to any of the supposed constitutional violations.  An action fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.   Plaintiff's complaint consists of bare conclusions without supporting facts.  Without sufficient factual allegation, there is no hope of a constitutional claim; and here the complaint is a free association of conclusory 'violations.'  Further, Plaintiff fails to identify which prison officials caused any of the purported violations (for example, who denied him access to religious material, or which doctor failed to give him proper medication).  Even if a valid constitutional claim could be cobbled together, no Defendant is tied to any claim such that he or she could be put on notice or properly respond.  *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

It is therefore **ORDERED** that Plaintiff's complaint fails to state a claim upon which relief can be granted and is thus **DISMISSED with prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** December 20, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge